# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KRISTINA ANDERSON

     Plaintiff

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al.,

     Defendants

Case No.: 2:24-cv-01162-APG-DJA

**Order Granting in Part Las Vegas
Metropolitan Police Department
Defendants' Motion to Dismiss**

[ECF No. 2]

Kristina Anderson sues Las Vegas Metropolitan Police Department (LVMPD) and three individual LVMPD employees (Officer Bettencourt, Detective Gifford, and Detective Weghorst) (collectively, LVMPD defendants); Picerne Sunset, LLC (Level 25); and DRPRMP Manager, LLC for seven claims arising from an alleged physical altercation and false arrest at the Level 25 apartment complex. As relevant to this order, she asserts state law claims against the LVMPD defendants for negligent hiring and supervision, assault and battery, false imprisonment, and intentional infliction of emotional distress (IIED). She also asserts claims under 42 U.S.C. § 1983 for Fourth and Fourteenth Amendment violations, as well as supervisory and entity liability.

The LVMPD defendants move to dismiss all claims against them under Federal Rule of Civil Procedure (FRCP) 12(b)(6). They contend that Anderson does not allege an LVMPD officer violated her rights, that her claims are conclusory, and that she improperly lumps together facts for all LVMPD defendants instead of alleging facts specific to each defendant. They also argue that her state negligent hiring and training claim is barred under state discretionary act immunity, and that her Fourteenth Amendment claim is not cognizable.

Anderson counters that prior to filing her complaint she was unable to ascertain the identities of the individual LVMPD officers and who took what actions, but that she otherwise has pleaded sufficient facts. She requests discovery and leave to amend to identify the individual defendants. The LVMPD defendants reply that Anderson is entitled to discovery only if she has sufficiently pleaded her claims, which she has not.

I partly grant the LVMPD defendants' motion to dismiss. I dismiss with prejudice the state law claim for negligent hiring, training, and supervision (claim three) because discretionary act immunity under Nevada Revised Statutes (NRS) § 41.032 bars Anderson from bringing the claim. I dismiss with leave to amend the assault and battery claims (claim four), the false imprisonment claim (claim five), and the Fourth Amendment claim (claim seven) against Officer Bettencourt, Detective Gifford, and Detective Weghorst because Anderson has not sufficiently alleged facts against them. I dismiss with leave to amend Anderson's IIED claim (claim six), Fourteenth Amendment due process claim (claim seven), and Section 1983 supervisory and entity liability claims (claim seven) because she has not alleged sufficient facts for these claims. I deny the motion for the assault and battery claims (claim four) and the false imprisonment claim (claim five) against the unidentified LVMPD officers and LVMPD. I also deny the motion for the Fourth Amendment claim (claim seven) against the unidentified LVMPD police officers.

**A. FACTS**

Anderson alleges that in May 2022, she was harassed by a John Doe at the Level 25 apartment complex. ECF No. 1-2 at 5. Level 25 staff were warned that Anderson had been harassed and would be imminently attacked by the John Doe. *Id.* Despite this warning, Level 25 employees failed to take timely remedial measures. *Id.* Shortly thereafter, while still at Level 25,

1    Anderson was assaulted and battered by this John Doe. *Id.*  She sustained severe injuries from

2    this attack. *Id.*

3         She further alleges that when LVMPD arrived at Level 25, "an unidentified Metro

4    Officer, in [an] apparent attempt to bait the [John Doe] assailant out [of an apartment],"

5    instructed Anderson to walk to the pool area. *Id.* at 6.  When she entered the pool area, "an

6    unidentified male with no apparent police uniform or visible badge" shoved Anderson to the

7    ground and kicked her until an officer intervened. *Id.*  The encounter caused Anderson

8    additional, serious injuries. *Id.*  Sometime thereafter, Anderson overheard an officer say "'we

9    need to do something to fix this.'" *Id.*  Unidentified individuals then placed her in handcuffs, told

10   her she was being arrested for battering a police officer, and took her to the LVMPD detention

11   center. *Id.*  At the detention center, Anderson was "falsely charged with a crime and [] held

12   against her will until she was bailed out." *Id.*

13   **B. ANALYSIS**

14        In considering a motion to dismiss under FRCP 12(b)(6), I take all well-pleaded

15   allegations of material fact as true and interpret the allegations in a light most favorable to the

16   non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I

17   do not "assume the truth of legal conclusions merely because they are cast in the form of factual

18   allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  To

19   defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a

20   plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A claim

21   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

22   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

23

556 U.S. 662, 678 (2009).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.*

I may "consider an affirmative defense on a motion to dismiss when there is some obvious bar to securing relief on the face of the complaint." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) (simplified).  "In other words, dismissal based on an affirmative defense is permitted when the complaint establishes the defense." *Id.* (emphasis omitted).  I "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (simplified).  But I may consider "[f]acts raised for the first time in plaintiff's opposition papers . . . in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Id.*  If I grant a motion to dismiss for failure to state a claim, I also may grant leave to amend "unless [I] determine[] that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quotation omitted).

### a.  State Claims

### 1.  <u>Assault and Battery</u>

The LVMPD defendants argue that these claims fail because Anderson does not allege that the "unidentified male with no apparent police uniform or visible badge" who attacked her by the pool area was an LVMPD officer. ECF No. 1-2 at 6.  They also contend that this statement contradicts Anderson's later allegation that the "collective LVMPD Defendants" assaulted and battered her. *Id.* at 10.  Moreover, they argue that Anderson's allegations against the "collective LVMPD Defendants" improperly lumps the defendants together and does not

inform the individual LVMPD defendants of what she alleges they each did to assault and batter her. Alternatively, they assert that her claims are conclusory.

Anderson responds that an LVMPD officer committed the assault and battery, but she is unaware of their identity. She argues she does not need to name the specific officer at this stage, and that she requires further discovery to identify the individual and amend the complaint accordingly. LVMPD replies that Anderson's statement in her opposition that the individual who attacked her was a police officer is a new, contradictory allegation, and that I may not consider it for the purposes of this motion.

Anderson alleges she was shoved and kicked by "an unidentified male with no apparent police uniform or visible badge." ECF No. 1-2 at 6. Given that she sues LVMPD and its officers for this assault and battery, I can make the reasonable inference that an unidentified (potentially undercover) LVMPD officer may have attacked her. Although LVMPD argues that Anderson contradicted herself in her complaint and opposition, she never alleges in her complaint that her attacker was not an LVMPD officer. She states only that her attacker, whose identity she could not ascertain, had no visible indications of being a police officer. *Id.* Thus, she sufficiently alleges LVMPD's involvement in the alleged assault and battery.

For similar reasons, Anderson's claim is not conclusory because she alleges facts sufficient to state claims for assault and battery. Assault occurs when an "actor (1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact." *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1269 (D. Nev. 2001) (citing the Restatement (Second) of Torts § 21 (1965) when analyzing a civil assault claim under Nevada law). Battery, on the other hand, "is an intentional and offensive touching of a person who has not consented to the touching." *Humboldt Gen. Hosp. v. Sixth Jud. Dist. Ct.*, 376 P.3d 167, 171 (Nev. 2016) (en

banc) (quotation omitted).  Anderson alleges that the unidentified assailant who may or may not have been an LVMPD officer approached her, forcibly shoved her to the ground, then kicked her as she was down, causing her serious injuries. ECF No. 1-2 at 6.  If proven, these allegations provide possible bases for relief for the assault and battery claims.

Finally, Anderson was not required at this stage to make specific allegations against unidentified LVMPD officers, but she was required to specify allegations against each named defendant.  Generally, "the use of 'John Doe' to identify a defendant is not favored.  However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (simplified).  In *Gillespie*, the Ninth Circuit ruled that the district court abused its discretion by dismissing an incarcerated plaintiff's complaint that failed to name specific officer-defendants and denying discovery to obtain the identities of the officers involved in the alleged incident. *Id.* at 642-43.  The *Gillespie* court ruled that if a complaint makes a valid claim against specific but yet-unidentified defendants, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*  Still, a plaintiff must plead facts in a way that allows courts "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Anderson alleges that she was unable to identify her attacker prior to filing the complaint because of lack of access to LVMPD bodycam footage. ECF No. 1-2 at 7.  It is not clear that she would be unable to obtain the attacker's identity through discovery, and the complaint otherwise plausibly alleges assault and battery, so she should be given the opportunity to obtain her attacker's identity through discovery.

However, the complaint does not allege what Officer Bettencourt, Detective Gifford, and Detective Weghorst did to assault and batter her. The complaint's generalized allegations do not allow me to draw a reasonable inference that each (or any) of these named defendants is liable for assault or battery. *See Iqbal*, 556 U.S. at 678; *see also Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*, 805 F. App'x 530, 531 (9th Cir. 2020) (ruling that a single set of generalized allegations lumping together events did not give rise to a reasonable inference that the defendant was liable). I therefore grant the motion to dismiss the assault and battery claims against Officer Bettencourt, Detective Gifford, and Detective Weghorst, with leave to amend if facts exist to do so. I deny the motion to dismiss with respect to the unidentified LVMPD officer and LVMPD based on vicarious liability.

## 2.  Negligent Hiring and Supervision

The LVMPD defendants argue that this claim fails because it is conclusory, and because Anderson improperly lumps the defendants together in her complaint without alleging facts specific to each defendant. They also assert that her claim is barred by discretionary act immunity under NRS § 41.032(2). Anderson does not address the discretionary immunity argument, but counters that she requires additional discovery to ascertain the unidentified defendants' identities, and that she has alleged sufficient facts for this stage of the proceedings.

NRS § 41.032 sets out discretionary act exceptions to Nevada's general waiver of sovereign immunity. It immunizes state officers, agencies, and political subdivisions from actions based on the "exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved is abused." NRS § 41.032(2). State actors therefore may invoke this immunity for decisions that (1) "involve an element of judgment or choice," and (2) are "based on considerations of social, economic, or

political policy." *Paulos v. FCH1, LLC*, 456 P.3d 589, 595 (Nev. 2020) (en banc) (quotation omitted). To determine the scope of this immunity, Nevada references federal analogues. *Id.* Federal courts have consistently ruled that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (collecting cases). The Supreme Court of Nevada has adopted this view. *Paulos*, 456 P.3d at 596 (finding that Nevada's discretionary-function immunity barred plaintiffs' claims for negligent hiring, training, and supervision against LVMPD).

Here, LVMPD's decisions to hire, train, and supervise its officers involve an element of judgment, and are, by their nature, "susceptible to a policy analysis." *Id.* at 595 (quotation omitted). I therefore dismiss this claim against the LVMPD defendants with prejudice.

### 3. **False Imprisonment**

The LVMPD defendants argue that this claim fails because it is conclusory, and because Anderson improperly lumps the defendants together in her complaint without alleging facts specific to each defendant. Anderson counters that she requires additional discovery to ascertain the defendants' identities, but that she has alleged sufficient facts for this stage of the proceedings. The LVMPD defendants reply that Anderson did not address how the arrest was false, and that she did not deny assaulting a police officer in her complaint.

"To establish false imprisonment . . . , it is . . . necessary to prove that the [plaintiff was] restrained of [her] liberty under the probable imminence of force without any legal cause or justification." *Garton v. City of Reno*, 720 P.2d 1227, 1228 (Nev. 1986) (quotation and emphasis omitted). Justification for an arrest, such as probable cause, is an affirmative defense. *Marschall v. City of Carson*, 464 P.2d 494, 497 (Nev.1970). Thus, "an arrest made with probable cause is

privileged and not actionable" as a false imprisonment claim. *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1144 (Nev. 1983). A police officer has probable cause "where the facts and circumstances within the officer's knowledge at the time of arrest would warrant a prudent person in entertaining an honest and strong suspicion that the person arrested has committed a crime." *Deutscher v. State*, 601 P.2d 407, 415 (Nev. 1979).

Anderson alleges that when she entered the pool area, the LVMPD defendants physically seized, restrained, and arrested her without cause. ECF No. 1-2 at 6. She says prior to entering, she was instructed to enter this area by an unidentified LVMPD officer, and she had not been detained "or otherwise informed that she could not freely move about the premises or depart the premises." *Id.* She states that upon being handcuffed, she was "told she was being arrested for battery on a police officer," but that on information and belief the arrest was "to deter her from filing a complaint and/or making a claim." *Id.* She further alleges that she was taken to an LVMPD detention center "where she was falsely charged with a crime and [] held against her will until she was bailed out." *Id.*

While Anderson's complaint does not specifically deny that she committed battery against a LVMPD officer, probable cause to arrest is an affirmative defense, and the complaint itself must establish the defense. *Monex Credit Co.*, 931 F.3d at 973. Here, interpreting Anderson's allegations in the light most favorable to her, she does not allege facts establishing that she committed any crime, let alone battery against an LVMPD officer. Even if she was allegedly handcuffed and told she was being arrested for battery, this, without more, is insufficient to reasonably infer that she committed a crime. Indeed, she alleges that she was "falsely charged with a crime," which suggests she did not batter a police officer. As it stands, there is no factual basis that the unidentified LVMPD officers had probable cause to arrest

1  Anderson, making it plausible to infer that the officers forcibly restrained Anderson of her liberty

2  without cause.  I therefore deny the motion to dismiss against the unidentified LVMPD officers

3  and LVMPD based on vicarious liability.  But because she applies only a generalized set of

4  allegations against Officer Bettencourt, Detective Gifford, and Detective Weghorst, I cannot

5  make a reasonable inference that they are liable. *See Iqbal*, 556 U.S. at 678.  Thus, I grant the

6  motion to dismiss the claim against them with leave to amend if facts exist to do so.

7                                          **4.  IIED**

8         The LVMPD defendants argue that this claim fails because it is conclusory, and because

9  Anderson improperly lumps the defendants together in her complaint without alleging facts

10  specific to each defendant.  Anderson counters that she requires additional discovery to ascertain

11  the defendants' identities, but that she has alleged sufficient facts.  The LVMPD defendants reply

12  that Anderson did not allege facts showing how they intended to or had a reckless disregard for

13  causing emotional distress by engaging in extreme and outrageous conduct.

14         A plausible IIED claim must allege "(1) extreme and outrageous conduct with either the

15  intention of, or reckless disregard for, causing emotional distress;" (2) the plaintiff suffered

16  severe or extreme emotional distress; and (3) "actual or proximate causation." *Dillard Dep't*

17  *Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (en banc).  Extreme and outrageous

18  conduct "is that which is outside all possible bounds of decency and is regarded as utterly

19  intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev.

20  1998) (simplified).  "Liability for emotional distress will not extend to mere insults, indignities,

21  threats, annoyances, petty oppressions, or other trivialities." *Abrams v. Sanson*, 458 P.3d 1062,

22  1070 (Nev. 2020) (simplified).  The Supreme Court of Nevada has cited the Restatement

23  (Second) of Torts § 46 as relevant authority for IIED claims under Nevada law. *See, e.g.*, *Olivero*

*v. Lowe*, 995 P.2d 1023, 1026-27 (Nev. 2000); *Selsnick v. Horton*, 620 P.2d 1256, 1257 (Nev. 1980). The comments to the Restatement state that extreme and outrageous conduct "may arise from abuse by the actor of a position . . . which gives him actual or apparent authority over the other, or power to affect his interests." Restatement (Second) of Torts § 46 cmt. e (1965). As relevant here, police officers' conduct may be so outrageous as to support an IIED claim where they engage in "extreme abuse of their position." *Id.*

To demonstrate severe or extreme emotional distress, a plaintiff must show "objectively verifiable indicia of the severity of his emotional distress." *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998). However, the comments to the Restatement note that "the extreme and outrageous character of the defendant's conduct is in itself important evidence that the distress has existed." Restatement (Second) of Torts § 46 cmt. j (1965). The Supreme Court of Nevada, citing to the Restatement, follows a "sliding-scale approach" where if conduct is "at the more extreme end of the scale . . . less in the way of proof as to emotional distress suffered by [the plaintiff] is necessary." *Franchise Tax Bd. of State of Cal. v. Hyatt*, 407 P.3d 717, 741-42 (Nev. 2017) *rev'd and remanded, on other grounds sub nom by Franchise Tax Bd. of Cal. v. Hyatt*, 587 U.S. 230 (2019). Even under the sliding-scale approach, plaintiffs must provide still provide some objectively verifiable evidence of emotional distress. *Id.* at 742.

Anderson alleges that unidentified LVMPD officers used her to "lur[e]" the individual who had attacked her out of an apartment. ECF No. 1-2 at 6. She states that soon after she entered the pool area as instructed by the LVMPD officers, she was assaulted and battered by the unidentified attacker, causing her serious injuries. *Id.* She further alleges that she subsequently heard LVMPD officers say that they "need to do something to fix this," handcuffed her, took her to the LVMPD detention center, and "false[ly] charged [her] with a crime." *Id.* Accepting these

allegations as true, a reasonable fact finder could conclude that these actions constitute an abuse of police authority amounting to extreme and outrageous conduct and that the nature of the officers' alleged actions demonstrates at least a reckless disregard for causing emotional distress. Anderson's complaint also states she experienced serious injuries and emotional distress from the unidentified officers' conduct. ECF No. 1-2 at 6, 11.

However, a conclusory allegation that the plaintiff suffered emotional distress alone cannot serve as objectively verifiable indicia of her distress. Even under the sliding-scale approach, Anderson has not pleaded any facts demonstrating or describing severe emotional distress arising from the conduct. Instead, she merely alleges that the LVMPD defendants' conduct "cause[d] severe emotional distress." ECF No. 1-2 at 11. Thus, Anderson has not pleaded sufficient facts for her claim, and I grant the motion with leave to amend if facts exist to do so.

### b. Constitutional Claims

To establish liability under 42 U.S.C. § 1983, a plaintiff must show both violation "of a right secured by the Constitution or laws of the United States," and that the violation "was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quotation omitted). The parties do not dispute that the LVMPD defendants acted under color of state law.

### 1. <u>Fourth Amendment Violations</u>

The LVMPD defendants contend that Anderson's Fourth Amendment claim fails because Anderson does not allege that the "unidentified male with no apparent police uniform or visible badge" who attacked her by the pool area was an LVMPD officer. ECF No. 1-2 at 6. They assert that this means an LVMPD officer could not have used any force against Anderson, let alone

excessive force.  They also argue that the alleged false arrest cannot support the excessive force claim because the complaint does not deny that Anderson battered an LVMPD police officer. Alternatively, they repeat their argument that the claim fails because it is conclusory, and because Anderson improperly lumps the defendants together in her complaint without alleging facts specific to each defendant.  Anderson counters that she has sufficiently pleaded facts demonstrating how the LVMPD defendants violated her constitutional rights.

A person is seized under the Fourth Amendment when an officer either applies physical force or acquires control over that person. *California v. Hodari D.*, 499 U.S. 621, 626 (1991).  A seizure by physical force requires "the use of force with intent to restrain." *Torres v. Madrid*, 592 U.S. 306, 317 (2021) (emphasis omitted).  "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017).  Moreover, "[a]llegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures." *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010).  In considering an excessive force claim, I evaluate "whether the officers' actions were objectively reasonable in light of the facts and circumstances confronting them." *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1151 (9th Cir. 2022) (simplified).  This generally means considering "(1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity of the intrusion on the individual and the government's need for that intrusion." *Id.* (quotation omitted).  I determine the importance of the government's interest by analyzing "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and

1   (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight."

2   *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003).

3          As I discussed above, Anderson does not allege that the individual who shoved her to the

4   ground and kicked her by the pool was not a police officer, but rather that she was unable to

5   positively identify the attacker as an LVMPD officer prior to filing her claim.  She states that

6   when an "unidentified Metro Officer . . . instructed and allowed [her] to walk back to the pool,"

7   she was not "detained or otherwise informed that she could not freely move about the premises

8   or depart the premises." ECF No. 1-2 at 6.  She further states that when she entered the pool area

9   as instructed, "an unidentified male with no apparent police uniform or visible badge intercepted

10  and forcibly shoved [her] without any reason, stated or otherwise" and that this caused her

11  serious injury. *Id.*  She also alleges that "[w]hile on the ground, she was also violently kicked

12  until another officer intervened, who also apologized" to her. *Id.*  She says she was then "placed

13  in handcuffs and told she was being arrested for battery on a police officer," after which she was

14  "taken to the LVMPD Detention Center where she was falsely charged with a crime and further

15  held against her will until she was bailed out." *Id.*

16         Anderson raises four potential Fourth Amendment violations from the initial incident, the

17  arrest, the handcuffing, and the post-arrest detention.  From these four, Anderson plausibly

18  alleges a claim based on the initial altercation at the pool, the arrest, and the post-arrest

19  detention.  The initial incident qualifies because she states that the unidentified attacker

20  physically shoved her to the ground and began to kick her without any reason. ECF No. 1-2 at 6.

21  Taking her allegations as true, an unprovoked physical attack rises to the standard of excessive

22  force.  The intrusion on Anderson's Fourth Amendment rights was significant as she alleges she

23  was shoved to the ground and violently kicked.  The government had minimal interest in this use

14

of force given that (1) Anderson had not committed any crime, (2) she was not posing an immediate threat to the safety of the officers or others, and (3) she was not resisting arrest or attempting to flee. Balancing the seriousness of the intrusion on Anderson's rights and the LVMPD defendants' need for it, Anderson has plausibly alleged that the initial pool altercation amounts to an unconstitutional seizure.

The arrest and subsequent detention allegations also provide a plausible factual basis for her claim because, as discussed above, Anderson does not plead any facts from which a reasonable factfinder could infer that the LVMPD defendants had probable cause to arrest her. Without probable cause, an arrest is an unreasonable seizure. *City of Joliet, Ill.*, 580 U.S. at 368. The same goes for the post-arrest detention because "[t]he Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Id.* at 367.

As for the handcuffing, "tight handcuffing can constitute excessive force." *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000). However, Anderson has not alleged that she was handcuffed tightly.

Anderson therefore plausibly alleges Fourth Amendment violations based on the initial pool incident, the arrest, and the post-arrest detention. As Anderson has pleaded sufficient facts for Fourth Amendment claims, I deny the motion to dismiss the claims against the unidentified LVMPD officers. But because she applies only a generalized set of allegations against Officer Bettencourt, Detective Gifford, and Detective Weghorst, I cannot make a reasonable inference that they are liable. *See Iqbal*, 556 U.S. at 678. I therefore grant the motion to dismiss the claims against them with leave to amend if facts exist to do so.

/ / / /

/ / / /

15

## 2. **Fourteenth Amendment Violations**

The LVMPD defendants argue that Anderson's Fourteenth Amendment claims fail because she "does not allege a loss of familial relations with a deceased child or that anyone deprived her of medical care while she as a pretrial detainee in custody." ECF No. 2 at 10. Alternatively, they repeat their argument that the claim fails because it is conclusory, and because Anderson improperly lumps the defendants together in her complaint without alleging facts specific to each defendant. Anderson does not respond to the first argument, but counters generally that she has sufficiently pleaded facts demonstrating how the LVMPD defendants violated her constitutional rights.

Under the Fourteenth Amendment, "governmental actions that harmfully affect arrestees pretrial can violate due process if impermissibly punitive, whether a condition of pretrial detention or not." *Houston v. Maricopa, Cnty. of, Arizona*, 116 F.4th 935, 942 (9th Cir. 2024). Such actions include "the use of excessive force [on a pretrial detainee] that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). The U.S. Supreme Court has not ruled on whether excessive force claims brought by a lawfully arrested pretrial detainee are governed by the Fourteenth or the Fourth Amendment. *See Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 466 n.2 (2021) ("We need not address whether the Fourth or Fourteenth Amendment provides the proper basis for a claim of excessive force against a pretrial detainee."). However, the Fourth Amendment, and not the Fourteenth Amendment, governs unlawful pretrial detention claims based on officials allegedly detaining an individual without probable cause. *City of Joliet, Ill.*, 580 U.S. at 366-67.

But typically, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not

1  the more generalized notion of substantive due process, must be the guide for analyzing

2  plaintiffs' claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quotation omitted).  When a

3  complaint alleges an unreasonable seizure or excessive force before or during an arrest (that is,

4  preceding lawful pretrial detention), "the Fourth Amendment provides an explicit textual source

5  of constitutional protection against this sort of physically intrusive governmental conduct, [and]

6  that Amendment, not the more generalized notion of 'substantive due process,' must be the guide

7  for analyzing these claims." *Graham*, 490 U.S. at 395.

8         Anderson's constitutional claims relating to the initial pool incident, the handcuffing, the

9  arrest, and the pretrial detention fall under the Fourth Amendment.  Anderson provides no

10 authority or analysis suggesting that these claims do not arise under the Fourth Amendment.  I

11 therefore dismiss Anderson's Fourteenth Amendment claim with leave to amend if facts exist to

12 do so.

13                     **3.  <u>Supervisory Liability</u>**

14        To establish supervisory liability, a plaintiff must show "personal participation in the

15 alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v.*

16 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  However, a plaintiff is not required "to allege that a

17 supervisor was physically present when the injury occurred" to hold the supervisor liable. *Starr*

18 *v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011).  Rather, supervisors may be "liable for: 1) their

19 own culpable action or inaction in the training, supervision, or control of subordinates; 2) their

20 acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct

21 that showed a reckless or callous indifference to the rights of others." *Hyde v. City of Willcox*, 23

22 F.4th 863, 874 (9th Cir. 2022) (quotation omitted).

23

Anderson alleges that "supervisors of the LVMPD . . . inadequately trained, supervised, and controlled subordinate officers, including the collective LVMPD Defendants." ECF No. 1-2 at 12-13. She also alleges that the LVMPD defendants failed to "adequately supervise and train their subordinates and acquiesc[ed] to these subordinates' conduct . . . in a manner that showed a reckless disregard and callous indifference to [her] rights." *Id.* at 13. But Anderson has not alleged facts supporting these otherwise conclusory claims. She does not allege that LVMPD supervisors personally participated or were present at the scene. She does not allege that Officer Bettencourt, Detective Gifford, or Detective Weghorst were supervisors. Nor does she allege facts pertaining to how the supervisors may have inadequately trained, supervised, or controlled their subordinates. She also does not provide any facts showing how these supervisors may have acquiesced to the alleged constitutional violations. Nor has she identified supervisory conduct that showed a reckless or callous indifference to her rights. LVMPD supervisors cannot be held liable simply because they were supervisors of the LVMPD officers who committed torts. I therefore dismiss the federal supervisory liability claim with leave to amend if facts exist to do so.

### 4. *Monell* Entity Liability

In addition to their arguments that Anderson makes conclusory claims and lumps allegations against all defendants, the LVMPD defendants contend that her entity liability claim fails because Anderson did not identify an unconstitutional policy and she did not allege a causal link between that policy and the alleged constitutional violations. Anderson counters that she has sufficiently pleaded facts demonstrating how the LVMPD defendants violated her constitutional rights.

There is no respondeat superior liability for government entities under section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  To bring a claim for municipal liability under section 1983, a plaintiff must allege that a municipal policy or custom caused her constitutional injury. *Id.* at 694.  The plaintiff must allege: (1) that she was deprived of a constitutional right; (2) the entity had a policy; (3) the policy amounts to deliberate indifference to her constitutional right; and (4) "the policy is the moving force behind the constitutional violation." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quotation omitted).  A plaintiff can show a policy through an "expressly adopted official policy" or a "longstanding practice or custom" that is so widespread as to amount to an official policy. *Id.* (quotation omitted).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* at 974 (quotation omitted).

Anderson does not identify any specific policies or practices and refers to the existence of policies only in conclusory terms without any plausible factual basis for their existence.  To the extent Anderson is relying on her own alleged experiences to support her claim, a single incident is insufficient to show a widespread custom or practice.  I therefore dismiss the entity liability claim against the LVMPD defendants.  However, I grant Anderson leave to amend if facts exist to do so.

**C.  CONCLUSION**

I THEREFORE ORDER that the LVMPD defendants' motion to dismiss **(ECF No. 2) is GRANTED IN PART** as follows:

- I dismiss the state negligent hiring, training, and supervision claim (claim three) with prejudice.

- I dismiss the assault and battery claim (claim four) against Officer Bettencourt, Detective Gifford, and Detective Weghorst with leave to amend.

- I dismiss the false imprisonment claim (claim five) against Officer Bettencourt, Detective Gifford, and Detective Weghorst with leave to amend.

- I dismiss the IIED claim (claim six) with leave to amend.

- I dismiss the Fourth Amendment claim (claim seven) against Officer Bettencourt, Detective Gifford, and Detective Weghorst with leave to amend.

- I dismiss the Fourteenth Amendment claim (claim seven) with leave to amend.

- I dismiss the federal supervisory liability claim (claim seven) with leave to amend.

- I dismiss the *Monell* entity liability claim (claim seven) with leave to amend.

I FURTHER ORDER that if Anderson wishes to file an amended complaint curing the deficiencies discussed in this order, she will file that by **March 5, 2025**. If Anderson does not timely amend, the following claims will proceed:

- Negligence (claim one) against Picerne Sunset, LLC and DRPRMP Manager, LLC.

- Respondeat superior liability (claim two) against Picerne Sunset, LLC and DRPRMP Manager, LLC.

- Negligent hiring, training, and supervision (claim three) against Picerne Sunset, LLC and DRPRMP Manager, LLC.

- Assault and battery (claim four) against unidentified LVMPD police officers and LVMPD.

- False imprisonment (claim five) against unidentified LVMPD police officers and LVMPD.

- Fourth Amendment (claim seven) against unidentified LVMPD police officers.

DATED this 4th day of February, 2025.

_____

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE