UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kristina Anderson, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>Las Vegas Metropolitan Police Department, et al., <br><br>　　　　　Defendants. | Case No. 2:24-cv-01162-APG-DJA <br><br>**Order** |

　　　　Before the Court is Defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion to stay discovery pending the Court's decision on LVMPD's motion for summary judgment or for terminating sanctions. (ECF No. 64). Neither Plaintiff nor any other party filed a response to the motion, constituting their consent to the Court granting it. *See* Nevada Local Rule[1] 7-2(d). Additionally, the Court finds LVMPD's arguments—that a stay will conserve its resources in pursuing discovery from Plaintiff, who has been unresponsive and failed to appear for two depositions—persuasive. Because the Court finds that LVMPD has shown good cause, and because no party opposes, the Court grants the motion to stay discovery and vacates its hearing on the matter. *See Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *2-4 (D. Nev. Oct. 14, 2021).

　　　　Also before the Court is pro se Plaintiff Kristina Anderson's motion for issuance of a Federal Rule of Civil Procedure 45 subpoena that she may serve on LVMPD. (ECF No. 68). However, as LVMPD points out in response, a Rule 45 subpoena is not the proper method by which a party can request information from another party. (ECF No. 69). Instead, if Plaintiff

---

[1] This refers to the Local Rules for the United States District Court, District of Nevada, which can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

seeks documents or information from LVMPD, a Federal Rule of Civil Procedure 33 interrogatory, Federal Rule of Civil Procedure 34 request for production, or Federal Rule of Civil Procedure 36 request for admission directed to and served on LVMPD is the proper way to do so.[2] *See McCall v. State Farm Mut. Auto Ins. Co.*, 2:16-cv-01058-JAD-GWF, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017) (explaining that a Rule 45 subpoena "cannot be used to circumvent Rule 34 or the other discovery rules"). In any event, because the Court has stayed discovery, Plaintiff's request is also moot. So, the Court denies it.

**IT IS THEREFORE ORDERED** that LVMPD's motion to stay discovery (ECF No. 64) is **granted.** If the case proceeds after the Court's decision on LVMPD's motion for summary judgment, the parties must file a stipulation resetting any necessary discovery deadlines **within thirty days after the Court's decision**.

**IT IS FURTHER ORDERED** that the hearing scheduled for July 28, 2025, regarding LVMPD's motion to stay discovery (ECF No. 65) is **vacated.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for issuance of a subpoena (ECF No. 68) is **denied.**

DATED: July 16, 2025,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] LVMPD argues in response that it has already produced the materials that Plaintiff seeks through her subpoena and might otherwise seek through discovery requests.